UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EVERLENE FALCONER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:20-CV-11 RLW |
| v. ) | |
| ) | |
| NICOLE CONOYER, ) | |
| ) | |
| Defendant. ) | |

# ORDER

This case is set for trial on the Court's jury docket of July 19, 2021. The case is before the Court on Defendant Nicole Conoyer's Motion for Subpoena and Order Compelling Social Security Administration to Produce File (ECF No. 69). Plaintiff Everlene Falconer opposes the Motion (ECF No. 70) and Defendant has filed a Reply (ECF No. 71). Defendant's Motion seeks an order compelling the Social Security Administration ("SSA") "to present a qualified records custodian to testify at the trial of this action outside the hearing of the jury and to lay an evidentiary foundation for the contents and admissions of the file for Plaintiff Everlene Falconer's disability claim with the SSA." (ECF No. 69 at 1.)

In support, Defendant states that Plaintiff's medical records and deposition testimony indicate she received federal disability benefits from 2010 to 2020 as a result of diabetic neuropathy in her lower extremities, a period of time that includes the accident at issue in this case.[1] Defendant states she "anticipates that the SSA file and records will contain documentation and information regarding prior injuries that Plaintiff sustained to her lower back or other parts of her body allegedly injured in the . . . accident at issue, and/or documentation and information

---

[1]Defendant's Motion for Subpoena references an attachment consisting of pages of Plaintiff's deposition but there is no attachment to the Motion.

regarding degenerative conditions affecting her lower back or other parts of her body which pre-existed the . . . accident at issue." (Id. at 2.) Defendant asks the Court to direct the "Social Security Administration to produce a qualified records custodian to appear at trial with a certified copy of the SSA's file and records relating to Plaintiff's disability claim and benefits, and to authenticate said file and records by means of testimony in accordance with the requirements of the applicable Federal Rules of Evidence[.]" (Id. at 3.)

The Court will deny the Motion. Under the Case Management Order ("CMO") (ECF No. 23) discovery in this case was to be completed by March 1, 2021. (Id. at 2.) Although Defendant denies this is the case, her Motion seeks to conduct additional discovery into Plaintiff's medical history four months after the CMO's deadline for discovery completion and less than three weeks before the trial date. Defendant could have sought discovery into Plaintiff's receipt of Social Security disability benefits prior to the CMO's discovery deadline but did not. Defendant expressly states she "anticipates" the SSA file will contain relevant information, and "seeks to determine whether there are admissible admissions and evidence" in the file. (ECF No. 69 at 2.) This indicates Defendant's Motion is in the nature of a fishing expedition. Defendant states that Plaintiff testified concerning her receipt of Social Security disability benefits, and her "[m]edical records indicate that Plaintiff had preexisting back pain." (ECF No. 71 at 1.) Defendant can cross examine Plaintiff concerning her receipt of Social Security disability benefits and her medical records showing preexisting back pain.

The Court also notes that Defendant's Motion is not accompanied by a memorandum of law in support as required by E.D. Mo. Local Rule 4.01(A). The only legal citation in the Motion is a bare statement that the Court is a court of competent jurisdiction under 20 C.F.R. § 401.180. Defendant's Motion does not cite any relevant case law and offers no basis to support the extraordinary relief she requests.

Defendant also filed a Motion for Leave to File a Supplemental Motion *in Limine* Two Days Out of Time (ECF No. 72). This Motion will be denied without prejudice. The Order Amending Case Management Order of May 27, 2021 (ECF No. 41) states in pertinent part:

> 7. **Motions in Limine**: File all motions in limine to exclude evidence at least twenty (20) days before trial. <u>The Court will not consider any motion in limine unless it contains a statement that the movant's counsel has conferred *in person or by telephone* with opposing counsel in a good faith effort to resolve the dispute presented by the motion.</u> Opposition to a motion in limine must be filed no later than five (5) days after the motion in limine is served.

(<u>Id.</u> at 1) (emphases in original). Neither Defendant's Motion for Leave nor the attached proposed Supplemental Motion *in Limine* contains a statement that Defendant's counsel conferred with opposing counsel in person or by telephone in a good faith effort to resolve the dispute presented by the motion. The Motion for Leave states, "Defendant [sic] counsel's failure to address this potential motion *in limine* in consultation with Plaintiff's counsel or to include it with Defendant's other motions *in limine* was purely an oversight on their part." (ECF No. 72 at 1.) Defendant's counsel's oversight does not excuse his failure to comply with the Court's Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Nicole Conoyer's Motion for Subpoena and Order Compelling Social Security Administration to Produce File (ECF No. 69) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Nicole Conoyer's Motion for Leave to File a Supplemental Motion *in Limine* Two Days Out of Time (ECF No. 72) is **DENIED** without prejudice.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>2nd</u> day of July, 2021.